T.C. Summary Opinion 2016-55

UNITED STATES TAX COURT

WARREN SATCHELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14612-14S L.                    Filed September 14, 2016.

Warren Satchell, pro se.

James Roland Rich, for respondent.

SUMMARY OPINION

WHALEN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered in this case is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  This is a petition for review of a notice of determination issued

to petitioner on June 3, 2014, in which the Internal Revenue Service (IRS) Office of Appeals approved a levy to collect petitioner's unpaid tax liability for taxable year 2009. Hereinafter, all section references are to the Internal Revenue Code, as amended and in effect for 2009, the taxable year in issue, unless stated otherwise.

## Background

Some of the facts have been stipulated by the parties and are so found. The stipulation of facts and the attached exhibits are hereby incorporated in this opinion. Petitioner resided in Gaston, South Carolina, when he filed his petition in this case.

Petitioner's 2009 Return: Petitioner, a married individual, filed a timely, separate individual income tax return for taxable year 2009 on Form 1040, U.S. Individual Income Tax Return. On that return he claimed a first-time homebuyer credit of $3,250 and attached Form 5405, First-Time Homebuyer Credit and Repayment of the Credit. According to petitioner's Form 5405, the "address of home qualifying for the credit" was "P.O. Box 10222 Columbia SC 29272" and the "home" was purchased on June 12, 2009, for $65,000.

Petitioner claimed the first-time homebuyer credit under the exception that permits a long-time resident of the same principal residence to be treated as a first-time homeowner. See sec. 36(c)(6). According to petitioner's Form 5405, "a

long-time resident" is "an individual (and that individual's spouse if married) who has owned and used the same home as that individual's main home for any 5-consecutive-year period during the 8-year period ending on the purchase date of the new main home and meets other requirements discussed in the instructions."

Attached to petitioner's Form 5405 is a bill of sale from the seller of recreational vehicles which showed that on June 12, 2009, petitioner and his wife had purchased a "1999 American Dream Motor Home" for $65,000. The bill of sale showed petitioner's address as 212 Luther Drive, Gaston, South Carolina. Petitioner also attached a letter from the Department of Revenue of the State of South Carolina advising him that his application for a property tax exemption on the 1999 American Motor Home had been granted. The property tax exemption was granted pursuant to S.C. Code Ann. sec. 12-37-220(B)(3) (2014), which is applicable to private passenger vehicles owned or leased by a disabled veteran. Finally, petitioner attached copies of substitute Forms 1098 for 2008 and 2009 that reported the net interest petitioner had paid on the mortgage loan on his property at 212 Luther Drive, Gaston, South Carolina.

IRS Inquiry and Petitioner's Response: By letter dated May 12, 2010, a representative of respondent asked petitioner to "provide the street address, city, state, and Zip Code for the property purchased, so that we may process your claim

for the First-Time Homebuyer Credit."  Petitioner responded to respondent's inquiry on or about June 10, 2010.  In his response petitioner provided Forms 1098, Mortgage Interest Statement, that reported the mortgage interest he had paid for calendars years 2002, 2003, 2004, 2005, 2006, and 2007 on the mortgage loan secured by his home at 212 Luther Drive, Gaston, South Carolina.  Petitioner also submitted a revised Form 5405 which reported the "Address of the home qualifying for the credit" to be "210 Luther Drive, Gaston, SC 29053."

Disallowance and Assessment:  By letter dated April 6, 2012, a representative of respondent notified petitioner that respondent had disallowed the first-time homebuyer credit claimed by petitioner on his 2009 return. Respondent's letter provided the following explanation:

> Our records show the home used to claim the First-Time Homebuyer Credit was purchased prior to the date of enactment of the Worker, Homeownership, and Business Assistance Act of 2009 [Pub. L. No. 111-92, §11(b), 123 STAT. 2989 (Nov. 6, 2009)].  For a home to qualify for the First-Time Homebuyer Credit, it must have been purchased on or after November 6, 2009, and before May 1, 2010.
>
> Therefore, we have disallowed your First-Time Homebuyer Credit. You will receive a separate statement for the adjustment.

Respondent's letter advised petitioner that, if he disagreed with this change, then he could appeal.

On April 23, 2012, respondent assessed against petitioner additional tax of $3,250 for taxable year 2009. This is the tax attributable to the disallowance of the first-time homebuyer credit. It appears that respondent used the summary assessment procedure prescribed by section 6213(b)(1) to make the assessment. See sec. 6213(g)(2)(P).

Petitioner's Appeal: On June 6, 2012, petitioner appealed respondent's disallowance of the first-time homebuyer credit claimed on his 2009 return by returning to respondent's representative the letter dated April 6, 2012, together with petitioner's written statement, entitled "I am Appealing the Disallowance for [sic] the First Time Homebuyer Credit" and copies of (1) Form 5405, (2) the Instructions for Form 5405, and (3) respondent's letter dated May 12, 2010. In his written statement petitioner complained that neither Form 5405 nor the Instructions for Form 5405 are clearly written in that they fail to explain that a first-time homebuyer who purchased a home before November 7, 2009, is not eligible for the credit. Petitioner also complained that respondent's letter dated May 12, 2010, asked petitioner to provide additional information, whereas respondent should have disallowed the credit in June 2010 when he responded, rather than waiting approximately two years.

By letter dated July 27, 2012, respondent informed petitioner as follows:

WE COULDN'T ALLOW YOUR CLAIM

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your
claim for credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
You did not submit any information to indicate that you
acquired your new main home after Nov. 6, 2009. You
are not eligible to claim the First Time Homebuyer
Credit for Long Time Residents. In order to begin the
appeal process please follow the procedures outlined
below.

Respondent's letter informed petitioner that he could further appeal the

disallowance of the first-time homebuyer credit to the IRS Appeals Office, and the

letter described the procedure for doing so.

Appeals Office Review of Petitioner's Claim: On or about August 28,

2012, petitioner appealed the disallowance of the first-time homebuyer tax credit

to the IRS Appeals Office by returning respondent's letter dated July 27, 2012. By

letter dated January 24, 2013, the Appeals Office representative assigned to

petitioner's case notified petitioner that her review of the information previously

submitted suggested that petitioner's claim should be denied. The Appeals Officer

pointed out that item no. 3 of the "What's New" section of the General

Instructions for Form 5405 stated as follows: "3. A qualified long-time resident

of the same main home is treated as a first-time homebuyer and can claim a reduced credit for a new main home purchased after November 6, 2009." The Appeals Officer also pointed out that, according to petitioner's Form 5405, the purchase date of his new "home" was June 12, 2009. The Appeals Officer asked petitioner to submit any additional information he wanted her to consider within 21 days.

On or about February 22, 2013, the Appeals Office notified petitioner that it had completed its review of his claim and, on the basis of the information submitted, it had sustained the disallowance of the credit. The letter noted: "[Y]our home was purchased prior to the enactment of the new law regarding existing homeowners."

Collection Due Process Proceedings: On or about September 10, 2013, respondent issued a notice of intent to levy with respect to petitioner's unpaid income tax liability for 2009. In response, petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which petitioner stated as follows:

> I dispute the disallowance of the First Time Homebuyer Credit. The Form 5405 and the Instructions 5405 for the long-time resident, does not state that if you purchased your home before November 6, 2009, you cannot take the credit. As I have previously stated, something of

that importance should have been clearly stated. I called IRS Feb of 2010 and they said that I could claim the credit. See attachments.

Attached to petitioner's request for hearing was the same written statement, entitled "I am appealing the disallowance for [sic] the First Time Homebuyer Credit" that petitioner had previously submitted on June 6, 2012. Thus, petitioner again raised his eligibility for the first-time homebuyer credit as an issue in a proceeding before the Appeals Office.

On November 25, 2013, a representative of the IRS Appeals Office wrote to petitioner. She acknowledged receiving petitioner's request for hearing, and she provided general information about the Appeals Office. By letter dated November 27, 2013, an Appeals account resolution specialist wrote to petitioner and scheduled a telephone conference with petitioner for January 7, 2014, at 10:30 a.m. The specialist asked petitioner to call at that time. She also asked petitioner to advise her if the scheduled time was not convenient or if petitioner preferred a face-to-face meeting.

The specialist's letter explained to petitioner the issues that she must consider. These included whether the requirements of applicable law or administrative procedure had been met and any issues that petitioner wanted to discuss, including collection alternatives to levy, such as an installment agreement,

an offer-in-compromise, or a temporary suspension of the collection action, challenges to the appropriateness of collection action, and spousal defenses. The specialist's letter stated that she would also consider whether petitioner owed the amount due, but, she noted, this was possible "only if you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency." Finally, the specialist asked petitioner to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. She explained that she needed the Form 433-A before she could consider alternative collection methods, such as an installment agreement or an offer-in-compromise.

Shortly before the date of the scheduled telephone conference, petitioner's wife telephoned the specialist and asked for a face-to-face hearing. The specialist explained that this required petitioner's case to be transferred to a field officer.

By letter dated May 7, 2014, a settlement officer who was newly assigned to petitioner's case scheduled a face-to-face hearing with petitioner for May 21, 2014, at 1 p.m. The settlement officer's letter pointed out that the Appeals Office had previously rejected petitioner's claim for the first-time homebuyer credit. She informed petitioner that the prior determination by the Appeals Office would not be reversed and it would not be addressed at the hearing.

Petitioner did not appear for his face-to-face hearing on May 21, 2014, nor

did he provide any other information to the Appeals Office. Accordingly, the

Appeals Office issued its notice of determination on June 3, 2014, sustaining the

proposed levy to collect his unpaid tax liability for taxable year 2009. The

following is the summary of the determination included in the notice of

determination:

> IRS followed all legal and procedural requirements and the actions
> taken or proposed were appropriate under the circumstances. You
> cannot challenge the liability since the IRS Appeals Office previously
> sustained the liability. You did not appear for the face-to-face
> hearing you requested. You did not propose a collection alternative,
> or a way, to pay the liability. You did not demonstrate that a levy
> would pose an undue hardship. The proposed levy is appopriate.

### Discussion

Petitioner asks the Court to review the determination of the Appeals Office,

summarized above, that respondent may proceed by levy to collect petitioner's tax

liability for 2009. In effect, petitioner asks the Court to find that he has no tax

liability for taxable year 2009 and, therefore, no tax to collect, because he was

entitled to the first-time homebuyer credit claimed on his 2009 return. Petitioner

asserts in his petition that neither Form 5405 nor the instructions for the form state

that a person cannot claim the credit for a home purchased before November 7,

2009. Petitioner's petition further asserts that he contacted the IRS in February 2010 and was told that he could claim the credit.

As discussed above, petitioner had raised the same issue in his request for a collection due process hearing before the Appeals Office. He then failed to appear for his scheduled face-to-face hearing, and he submitted no other information to the Appeals Office. Thus, petitioner's challenge to his underlying tax liability for taxable year 2009, set out in his request for a collection due process hearing, quoted above, was the only issue presented to the Appeals Office.

The question in this appeal is whether the Appeals Office should have considered petitioner's underlying tax liability for 2009 in the collection due process proceeding and whether petitioner can raise that issue on appeal in this Court. The answer to that question is governed by section 6330(c)(2)(B). Under that provision, a person is permitted to challenge the existence or amount of the underlying tax liability in a collection due process hearing "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." See id.; sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. For purposes of section 6330(c)(2)(B), a prior opportunity for a conference with the Appeals Office, such as the conference received by petitioner in this case, which culminated in the letter to petitioner

dated on or about February 22, 2013, rejecting petitioner's claim, is such a prior opportunity to dispute his underlying tax liability. See id.; see also Lewis v. Commissioner, 128 T.C. 48, 62 (2007). Therefore, because petitioner had had a prior opportunity to dispute respondent's disallowance of the first-time homebuyer tax credit claimed for 2009, he was precluded by section 6330(c)(2)(B) from raising that issue in the later collection due process hearing, and he is precluded from raising it in this appeal. See Lewis v. Commissioner, 128 T.C. at 62.

Because the validity of petitioner's underlying tax liability is not properly at issue in this case, we will review the notice of determination for abuse of discretion. See, e.g., Goza v. Commissioner, 114 T.C. 176 (2000). That is, we must decide whether the Appeals Office exercised its discretion arbitrarily, capriciously, or without sound basis in fact or law. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As discussed, the Appeals Office correctly decided that petitioner could not challenge his underlying tax liability for a second time, and it did not reconsider whether petitioner was entitled to the first-time homebuyer credit for 2009. Petitioner, who failed to appear for his face-to-face hearing, raised no other issue in the collection due process proceeding for the Appeals Office to consider. See sec. 6330(c)(3)(B), (2). Accordingly, the Appeals Office issued its notice of

determination approving the proposed levy after verifying that the requirements of applicable law and administrative procedure had been met, see sec. 6330(c)(3)(A), and determining that the proposed levy balances the need for efficient tax collection with the concern that the collection action be no more intrusive than necessary, see sec. 6330(c)(3)(C).

We find nothing in the record to suggest that the Appeals Office abused its discretion in issuing the notice of determination on June 3, 2014. Accordingly, we hereby sustain the notice of determination issued to petitioner.

Upon consideration of the foregoing,

Decision will be entered for

respondent.